CRAWFORD, Judge
(dissenting):
For the reasons thoroughly explained in United States v. Martinelli, 62 M.J. 52, 77-87 (C.AA.F.2005) (Crawford, J., dissenting), I respectfully dissent and offer a few additional comments.
Like Specialist Martinelli, Appellant was stationed at a United States military installation in Germany, subscribed to a web-based e-mail account, and used a public computer to commit violations of 18 U.S.C. § 2252A, as well as Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (2000). Unlike Martinelli, who used an off-post Internet café, Appellant used U.S. Government-owned computers in the post library to effect receipt of, as well as to view and print, pornographic images of actual children. In addition, Appellant, while among the German civilian populace near Hanau, used actual German children to produce a sexually explicit videotape in violation of 18 U.S.C. § 2251(a).
DOMESTIC ASPECT OF APPELLANT’S CRIMES
Prosecution Exhibit 1, Appellant’s stipulation of fact (including the documents com *98 prising TAB B) and his responses during the Care inquiry,[1] establish that Appellant had a web-based e-mail account at Exeite.com which afforded him electronic “space” on Excite.com’s servers in the United States. Using a web browser on the library’s computers, Appellant gained access to his e-mail account which he then used as an address at which to receive pornographic images, view them, store them, and download them to the hard drives of the library computers for printing. He admitted that these images had been “transported in interstate or foreign commerce” because “they were sent from the U.S. through the Internet to me.”[2] Appellant’s receipt of child pornography occurred in the United States, just as it did on a U.S. military post in Germany.
APPLICATION OF § 2252A TO OVERSEAS MILITARY INSTALLATIONS
After printing images of child pornography, using the library’s printers, Appellant stored numerous images of child pornography at his family quarters, in his automobile, and his quarters storage area, all on a U.S. Army Kaserne near Hanau, Germany. All of the theories I voiced in Martinelli pertain a fortiori to Appellant’s possession of child pornography on a U.S. military installation.
APPLICATION OF § 2251(a) TO OVERSEAS CONDUCT
While the jurisdictional theories I advanced in Martinelli also apply to Appellant’s prosecution under this statute, I must reject the majority’s attempt to distinguish the jurisdictional language in this statute from that in § 2260. The majority contends that territorial application of § 2251(a) was not intended by Congress because § 2260, with express extraterritorial application “addresses all of the same acts.” United States v. Reeves, 62 M.J. 88, 93 (C.A.A.F.2005). Not quite. First, § 2260 carries with it no requirement that any of the criminal acts be connected to interstate or foreign commerce, giving § 2260 far greater breadth. Second, it is clear to my reading that § 2260 was enacted not only to expand the scope of existing prohibitions, but to serve as an emphatic statement of congressional intent to exercise jurisdiction over non-U.S. citizens who may produce child pornography in their own countries for importation into the territory or waters of the United States. Even if there is overlap between these statutes, I believe they have related but different purposes.
WAIVER
Appellant has waived this issue, both as to § 2252A and § 2251(a). See United States v. Martin, 147 F.3d 529, 533 (7th Cir.1998).[3] In the stipulation of fact, Appellant stipulated that “there are no impediments to the jurisdiction of the court.”
JURISDICTION UNDER § 2252A BASED ON COMMERCE
Appellant also stipulated that these images were sent from or through a site in the United States and that he knowingly received and transported the pictures “in interstate or foreign commerce.” When questioned by the military judge, he said the images “were sent from the United States through the Internet to me.” When the military judge asked Appellant whether he was satisfied that this amounted to interstate or foreign commerce, he agreed.
PROVIDENCE TO CLAUSES (1) AND (2) OFFENSES
Appellant, a sergeant with a high school diploma, over five years of active duty, and then serving at his fourth permanent duty station, pleaded guilty to violating a lawful general regulation by viewing child pornography. He admitted to understanding that the regulation prohibiting viewing of child pornography was lawful because it was “reason *99 ably necessary to safeguard and protect the morale, discipline, and usefulness of the members of the command and is directly connected to the maintenance of good order and discipline.” He admitted that his conduct in viewing child pornography was wrongful and that he had no legal justification or excuse. He stipulated to leaving images of child pornography on the printer at the installation library where soldiers, civilians, and dependents could find it, and to taking his very young daughter with him to the library where he would view and print images of child pornography. He stipulated to standing on one side of the Main River and, for between twenty and thirty minutes, training his video camera on the genital area of two young German girls, while accompanied by his own young daughter. All of these images and films he secreted in his vehicle, quarters, and quarters storage area.
Even if these were the only facts we had to go on, I would find it impossible to conclude that Sergeant Reeves did not understand “the nature of the prohibited conduct.” Said another way, how could Sergeant Reeves admit that the Commander of U.S. Army, Europe, could lawfully prohibit the viewing of child pornography so as to “promote the morale, discipline, and usefulness of the members of the command” and that such prohibition was “directly connected to the maintenance of good order and discipline” without knowing that using the post library’s computers and printers to receive, download, and print child pornography in front of his two and one-half-year-old daughter and leaving child pornography on the printer for all to see was prejudicial to good order and discipline? He could not.
And it is only the smallest of steps to conclude that, on this record, Appellant also knew that openly focusing his video camera, for twenty to thirty minutes on the pubic area of seven-year-old German national children as they played by a public river, was equally prejudicial and service discrediting as well.
This record overwhelmingly supports affirmation of a lesser included offense under either or both clauses (1) and (2) of Article 134, UCMJ.
CONCLUSION
There is no substantial basis in law or fact to question the providence of Appellant’s pleas. Even if the record were insufficient to uphold Appellant’s pleas to violations of §§ 2252A and 2251(a), however, the record strongly supports conviction for disorders on the same facts. For all these reasons, I respectfully dissent.

. United. States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

. Appellant’s use of "Me” refers to his web-based address on the servers of Excite.com. Some of these images clearly indicate that they were routed through commerce repeatedly.

. "A challenge to the indictment based on the adequacy of the interstate commerce stipulation had no relation to subject matter jurisdiction— the power to adjudicate — but instead went only to an alleged failure of proof.”